■ Bruce S. Dix, as Director of Mental Hygiene Legal Services for the Third Judicial Department, on Behalf of Craig AA., Respondent, v Thomas Maul, as Commissioner of Mental Retardation and Developmental Disabilities, et al., Appellants.
[831 NYS2d 564]—

Kane, J. Appeal from a judgment of the Supreme Court (Demarest, J.), entered March 31, 2006 in Franklin County, which, inter alia, declared that the discharge planning requirements of Mental Hygiene Law § 29.15 are applicable to all residents released from facilities operated by the Office of Mental Retardation and Developmental Disabilities regardless of the method of release.

Plaintiff commenced this action seeking, among other things, a declaration that Mental Hygiene Law § 29.15 requires the Office of Mental Retardation and Developmental Disabilities (hereinafter OMRDD) to create a written service plan for patients who are discharged from a facility by court order. Supreme Court issued a judgment declaring that the discharge planning requirements of Mental Hygiene Law § 29.15 (f) apply to all patients released from facilities operated or licensed by OMRDD, regardless of the method of release. On defendants' appeal, we affirm.

Patients may be released or discharged from OMRDD facilities in several ways. The facility director can discharge or conditionally release the patient based on the opinion of facility staff that inpatient care is not needed (*see* Mental Hygiene Law § 29.15 [a], [b]). When a patient is conditionally released, the facility retains the ability to return the patient to inpatient care under certain conditions (*see* Mental Hygiene Law § 1.03 [30]).

A discharge, however, terminates the facility's "right to retain or treat the patient on an in-patient basis" (Mental Hygiene Law § 1.03 [31]). If the facility director determines that a patient needs inpatient treatment, the patient may challenge that determination (*see* Mental Hygiene Law § 15.33 [a]). Upon a decision or verdict that the patient is not mentally retarded or not in need of retention, the court "shall forthwith *discharge*" the patient (Mental Hygiene Law § 15.35 [emphasis added]).

Statutory interpretation begins with an analysis of the statute's language, which will control if the terms are clear and unambiguous (*see Matter of Orens v Novello*, 99 NY2d 180, 185 [2002]). Under Mental Hygiene Law § 29.15, "[t]he *discharge* or conditional release of *all* clients at developmental centers[or] patients at psychiatric centers . . . shall be in accordance with a written service plan prepared by staff familiar with the case history of the client or patient to be discharged or conditionally released" (Mental Hygiene Law § 29.15 [f] [emphasis added]). Contrary to defendants' argument, the provision addressing conditional release or discharge by a facility director (*see* Mental Hygiene Law § 29.15 [a]) does not carry over into every other statutory subdivision to limit the entire statute to releases by directors. The plain language of Mental Hygiene Law § 29.15 (f) requires OMRDD to provide discharge planning to *all* patients, without specifying or exempting any patients based on the method of their release or discharge. Hence, Supreme Court correctly issued a declaration that the discharge planning requirements of Mental Hygiene Law § 29.15 (f) apply to *all* patients released from facilities operated or licensed by OMRDD, including those discharged by court order.

Crew III, J.P., Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.